UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WENDY STEIL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:  1:18-cv-1678 |
| | ) |
| TIMBERLANDS HEALTHCARE, LLC, | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Wendy Steil ("Steil"), by counsel, against Defendant, Timberlands Healthcare ("Defendant"), for violating the Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*, American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq.* and Indiana law.

### II. PARTIES

2. Steil, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation that routinely and systematically conducts business in the Southern District of Indiana.

### III.  JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; 29 U.S.C. §2617(a)(2) and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4) and 42 U.S.C. § 12111(5)(A).

6. Steil, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7. At all times relevant to this action, Steil was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and 29 U.S.C. § 630(f).

8. Steil has a "disability" as that term is defined by 42 U.S.C. § 12102(2).

9. Steil is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8).

10. Steil exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

11. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV.   F<small>ACTUAL</small> A<small>LLEGATIONS</small>

12.     Steil began working for the Defendant and its predecessor on or about February 14, 2016. Steil worked as an Account Executive.

13.     On or about March 7, 2017, Steil was involved in a car accident while on the job during which she suffered significant long-term injuries, which substantially limited several of her major life activities.

14.     Following her accident, Steil was absent intermittently over the next six weeks. Steil's absences qualified for protection under the Family Medical Leave Act.

15.     On or about April 13, 2017, Steil received a letter threatening the termination of her employment effective May 12, 2017, if she did not increase her sales volume by that date.

16.     Steil received a similar letter from Defendant on April 24, 2017 extending her deadline to increase her sales volume to June 16, 2017 to stave off termination.

17.     Beginning on or about May 19, 2017, Steil was out on a continuous leave of absence for her health condition. Steil's leave of absence qualified for protection under the Family Medical Leave Act.

18.     Steil requested an accommodation on or about May 11, 2017. Specifically, Steil requested that she be provided 120 days following her return to work to increase her sales volume. Though Defendant never directly responded to Steil's request, it later informed Steil that she would have 60 days upon her return to increase her sales volume.

19.	On or about June 7, 2017, Steil was released to return to work by Defendant's physician; however, when Steil provided the paperwork to Dan Morand, her supervisor, he indicated that she could not return until released by Human Resources. Human Resources finally cleared Steil to return to work on June 16, 2017, but only for four hours per day as directed by Defendant's doctor.

20.	On June 19, 2017, Morand was let go and Steil was required to report to Ben Konhen.  A week later, Defendant terminated Steil's employment for reasons that are pretext for discrimination based on her disability, filing for workers compensation benefits and/or use of leave under the FMLA.

## V. LEGAL ALLEGATIONS

### COUNT I-DISABILITY DISCRIMINATION

21.	Paragraphs one (1) through twenty (20) of Steil's Complaint are hereby incorporated.

22.	Defendant violated Steil's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. by failing to accommodate her and subjecting her to disparate treatment because of her actual or perceived disability.

23.	Defendant's actions were intentional, willful and in reckless disregard of Steil's rights as protected by the ADA.

24.	Steil has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II: VIOLATION OF THE FMLA – RETALIATION

25. Steil hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint.

26. Defendant unlawfully retaliated against Steil for her use of leave that qualified for protection under the FMLA.

27. Defendant's actions were intentional, willful, and in reckless disregard of Steil's rights as protected by the FMLA.

28. Steil suffered damages as a result of Defendant's unlawful actions.

## COUNT III: VIOLATION OF INDIANA COMMON LAW

29. Steil hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint.

30. Defendant unlawfully retaliated against Steil for exercising her statutory right to seek Workers Compensation benefits in violation of *Frampton v. Central Ind. Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

31. Defendant's actions were intentional, willful, and in reckless disregard of Steil's rights.

32. Steil suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Wendy Steil, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, including, lost future earning capacity under the ADA and Indiana law;

4. Pay to Plaintiff punitive damages for Defendant's violations of the ADA and Indiana law;

5. Pay to Plaintiff liquidated damages for Defendant's violations of the FMLA;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s Andrew Dutkanych_____
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       ad@bdlegal.com

*Attorneys for Plaintiff, Wendy Steil*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Wendy Steil, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s Andrew Dutkanych_____
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Wendy Steil*